# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DIRECTV INC.,

        Plaintiff,

  v.                                                          Case No. 03-C-1327

JAMES A. VALENTI,

        Defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Plaintiff DIRECTV filed a motion for summary judgment in the above matter on March 28, 2005. Under the local rule governing summary judgment procedure, the defendant had 30 days to respond to DIRECTV's motion. Civil L.R. 7.1(c) and 56.2(b). As a result of the defendant's failure to respond, the court must conclude that there is no genuine issue of material fact as to any of the proposed findings of fact set forth by the plaintiff in support of its motion. Civil L.R. 56.2(e). Based upon those facts, I conclude that the plaintiff is entitled to summary judgment against the defendant. There are no material facts in dispute and the disputed facts conclusively demonstrate that the defendant violated 18 U.S.C. § 2511(1)(a). Plaintff DIRECTV is entitled to $10,000 in statutory damages, injunctive relief, attorney's fees and costs pursuant to 18 U.S.C. § 2520.

Accordingly, **IT IS ORDERED** that judgment shall be entered against the defendant and in favor of the plaintiff. Plaintiff DIRECTV is awarded $10,000 statutory damages to be paid by defendant James A. Valenti.

**IT IS FURTHER ORDERED** that defendant James A. Valenti, and any persons or entities controlled directly or indirectly by him, are hereby permanently enjoined and restrained from: (a) receiving or assisting others in receiving DIRECTV's satellite transmissions of television programing without authorization by and payment to DIRECTV; (b) designing, manufacturing, assembling, modifying, importing, exporting, possessing, offering to the public, trafficking, distributing, selling or using any device or equipment (including by way of example, loaders, boot loaders, unloopers, emulators, programmers, readers/writers, or software or components therefore) designed or intended to facilitate the reception or decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming; (c) advertising the sale of any devices or equipment (including by way of example, loaders, boot loaders, unloopers, emulators, programmers, readers/writers, or software or components therefore) designed or intended to facilitate the reception or decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming, and advertising or providing information or technical services in support thereof; or (d) reverse engineering or attempting to reverse engineer any of DIRECTV's products, services or technologies, including without limitation the encryption and security controls for DIRECTV satellite system.

This permanent injunction shall apply to defendant James A. Valenti's activities worldwide, and shall apply with the same force and effect to the DIRECTV Latin America satellite system (also known as Galaxy Latin America), and to any other direct broadcast satellite system or related business in which DIRECTV has a financial or other interest, now or in the future.

The court will retain jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this permanent injunction.

**IT IS FURTHER ORDERED** that plaintiff shall be awarded costs and actual attorney's fees in an amount to be determined pursuant to Fed. R. Civ. P.54(d) and Civ. L.R. 54.1.

Dated this  19th  day of May, 2005.

                                               s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge